# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| CHARLES MARQUEZ,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Cause No. EP-25-CV-24-KC |
| | § | |
| UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Charles Marquez, federal prisoner number 99443-280, seeks compensation under the Federal Tort Claims Act (FTCA) for the destruction of his personal property seized by federal law enforcement agents pursuant to a lawful search warrant in 2012. Pl.'s Compl., ECF No. 1.[1] His complaint is dismissed with prejudice because it is both time-barred and seeks monetary relief from a defendant that has not waived its sovereign immunity.

## BACKGROUND

Marquez is a 65-year-old inmate confined at the United States Penitentiary in Tucson, Arizona. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 25710-081, last visited Sep. 13, 2025). He is serving a life sentence for sex trafficking children; sex trafficking by force, fraud, or coercion; transportation for prostitution; coercion enticement; conspiracy to commit coercion and enticement; and importing an alien for an immoral purpose. *See United States v. Marquez*, 667 F. App'x 496 (5th Cir. 2016), *cert. denied*, 580 U.S. 1222 (2017).

In June 2012, Department of Homeland Security (DHS) special agents executed a lawful search warrant and seized property in Marquez's possession including four computers, three

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this cause. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

cameras, one camcorder, four cellular phones, legal documents regarding real property, and two checks with a value of $500. *United States v. Marquez*, No. 21-51116, 2022 WL 17335821, at *1 (5th Cir. Nov. 30, 2022). DHS officials returned the four computers to Marquez's family members in December of 2015 and destroyed the remaining items in April of 2017. *Id.*; *see also* Pl.'s Compl., Ex. A, Decl. of David Shannon Barkley, ECF No. 1-2 at 8.

In September of 2021, Marquez filed a petition under Federal Rule of Criminal Procedure 41(g) for the return of the seized items. *Marquez*, 2022 WL 17335821, at *1. In October of 2021, after he learned that the Government had returned the computers to his family members and destroyed the remaining items, he filed an amended petition seeking compensation for the destroyed property and duplicates of digital media seized by the DHS special agents. *Id.*

On October 28, 2021, the Court denied Marquez's amended petition on the merits, and his original petition as moot. *Id.* The Court's judgment was affirmed by the Fifth Circuit Court of Appeals on November 30, 2022. *Id.* at *2.

In Marquez's instant complaint filed on January 23, 2025, he seeks damages in the amount of $650,000 from the Government under the FTCA for the property destroyed by the federal officials. Pl.'s Mem. in Supp., ECF No. 1-1 at 7. He claims that he submitted a Standard Form 95, Claim for Damage, Injury, or Death, to the DHS on April 21, 2023. *Id.* at 8. But he fails to provide any response from the DHS.

**STANDARD OF REVIEW**

**A. Screening**

The complaint of a prisoner seeking redress from a governmental entity is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam).

2

A prisoner's complaint, or any portion thereof, is subject to *sua sponte* dismissal after screening if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**B. Federal Tort Claims Act (FTCA)**

The FTCA is a limited waiver of sovereign immunity, which may permit the United States to be sued for "injury or death caused by the negligent or wrongful act or omission of [an employee] of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b); *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 217–18 (2008). But "the FTCA [only] permits 'claim[s] for money damages against the United States' in certain situations." *Texas v. United States Dep't of Homeland Sec.*, 123 F.4th 186, 203 (5th Cir. 2024) (citing 28 U.S.C. § 2672). So, for example, it exempts from this waiver "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c); *Kosak v. United States*, 465 U.S. 848, 854 (1984). Consequently, "[s]ection 2680(c) forecloses lawsuits against the United States for the unlawful detention [and destruction] of property by 'any,' not just 'some,' law enforcement

3

officers." *Ali*, 552 U.S. at 228.

To sue the United States under the FTCA, the plaintiff must first present his claim, in writing, to the appropriate federal agency no more than two years after the event giving rise to the claim occurred. 28 U.S.C. § 2401(b). The plaintiff then has until six months after the federal agency sends him its final denial of his claim to file a suit in a district court. 28 U.S.C. § 2401(b). The plaintiff has the option if the federal agency fails to make a final disposition of a claim within six months of receiving it, to treat the failure as a final denial "any time thereafter." 28 U.S.C. § 2675(a).

The FTCA applies a two-year statute of limitations from the accrual date of the cause of action. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."). Additionally, "the statute of limitation for the return of property … states that 'every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.'" *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000), *as corrected on reh'g* (Aug. 24, 2000) (quoting 28 U.S.C. § 2401(a)). A cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589–90 (5th Cir.1999) (internal quotes and citations omitted). In FTCA cases, "the purpose of the limitations statute … is to require the reasonably diligent presentation of tort claims against the Government." *United States v. Kubrick*, 444 U.S. 111, 123 (1979).

## ANALYSIS

### A. Failure to Timely File a Complaint

Marquez seeks damages under the FTCA for property seized in June of 2012 by DHS

special agents pursuant to a lawful search warrant. *Marquez*, 2022 WL 17335821, at *1. Marquez's right of action to recover his property accrued in his favor in June 2012, when his property was seized. *Clymore*, 217 F.3d at 373. Marquez filed a petition under Federal Rule of Criminal Procedure 41(g) for the return of the seized items in September 2021—over nine years after his cause of action accrued. *Marquez*, 2022 WL 17335821, at *1. Marquez submitted his Standard Form 95, Claim for Damage, Injury, or Death, to the DHS in April of 2023—nearly eleven years after his cause of action accrued. Pl.'s Mem. in Supp., ECF No. 1-1 at 8. Marquez has not been reasonably diligent in presenting his tort claims against the Government. His claim is time-barred. 28 U.S.C. § 2401(b).

### B. Failure to Show the Government Has Waived Sovereign Immunity

In addition, Marquez's FTCA claim arising from "'the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer,' [is excluded] from the FTCA's broad waiver of sovereign immunity." *Chapa v. U.S. Dep't of Just.*, 339 F.3d 388, 389 (5th Cir. 2003) (quoting 28 U.S.C. § 2680(c)). His FTCA property deprivation/destruction claim is therefore subject to dismissal because he seeks monetary relief against a defendant who is immune from such relief and the Court accordingly lacks subject matter jurisdiction. *See Gibson v. Sadowski*, 308 F. App'x 580, 581–82 (3d Cir. 2009) (citing *Ali*, 552 U.S. 214).

### CONCLUSIONS AND ORDERS

The Court concludes that Marquez claim is time barred, he cannot show the Government waived its sovereign immunity for his claim arising from the lawful detention of his property by law enforcement officers, and he accordingly cannot recover damages for his destroyed property from the Defendant pursuant to the FTCA. 28 U.S.C. § 2680(c). The Court therefore enters the

following orders:

      **IT IS ORDERED** that Charles Marquez's *pro se* complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time-barred and because it seeks monetary relief against a Defendant, the United States of America, which is immune from providing such relief.

      **IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

      **IT IS FINALLY ORDERED** that Charles Marquez's case is **CLOSED**.

      **SIGNED this 13th day of September, 2025.**

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**